In re Marjorie Maree McCALL a/k/a Marjorie Maree McCall Cavalieri, Debtor.

Bankruptcy No. 81–04297G.

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 26, 1983.

Roderick D. Mathewson, Norristown, Pa., for debtor, Marjorie Maree McCall a/k/a Marjorie Maree McCall Cavalieri.

Melvin J. Buckman, McCausland, Keen & Buckman, King of Prussia, Pa., for Committee of Unsecured Creditors'.

Richard F. Stern, Jenkintown, Pa., for First Mortgage Co. of Pa.

Don F. Marshall, Newtown, Pa., for Trevose Federal Savings & Loan Ass'n.

Leo F. Doyle, Philadelphia, Pa., trustee.

### OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The question before the court is whether, on the application of the Unsecured Creditors' Committee, we should appoint a trustee in this chapter 11 case. Briefly, the facts are as follows:[1] Just two years ago, on October 20, 1981, the debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") listing as her business (in her Statement of Affairs) "Real Estate Investment." The fact of the matter is that her "real estate investment" consists of a parcel of real estate located at 912 Spring Mill Road, Villanova, Pa., in which she and her husband have been residing for years without paying more than a sou to either of the mortgagees. The property is nothing to sneeze at, consisting of a manor house, guest house, box stall, tennis court and swimming pool, some of which appear to be in need of repairs. She has been trying to sell this home and ground since she filed the petition, but she obviously is asking more than anyone is willing to pay. Meanwhile, creditors are clamoring for action by the Bankruptcy Court and seek the appointment of a trustee. The property has a first mortgage on which there is a balance due of about $20,000.00, and a second mortgage on which is claimed approximately $250,000.00.

Since the outset of this case (almost 25 months ago) the debtor has made only two payments to the second mortgagee and none to the first mortgagee. We think this is ample cause for the appointment of a trustee.

Section 1104(a) of the Code provides that:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including[2] fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;

We conclude that the debtor's failure to pay the monthly charges to the mortgagees constitutes poor handling of the affairs of the estate, if not "incompetence or gross mismanagement of the affairs of the debtor by current management." This, coupled with the fact that interest on the second mortgage is accruing at the rate of $1,117.20 per month (even at the low interest rate of 6%) is depleting the value of this asset (to the substantial detriment of unsecured creditors) and bespeaks the incompetence and gross mismanagement by the debtor of her affairs.

The court has held several hearings and, while we have declined to modify the automatic stay imposed by § 362 of the Code (because there is obviously equity in the property above the mortgages) unsecured creditors are not being paid and the mortgagees have received no interest or amortizations of the principals which are long overdue.

We conclude that the debtor is obviously overestimating the present fair market value of her realty. She has been offered $500,000.00 for her home and grounds, but she wants more. We have cautioned her,

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. This list is nonexhaustive. Thus, additional "causes" may justify the appointment of a trustee since § 102(3) states that "includes" and "including" are not limiting.

time and again, that, two years having passed without any payments to her secured or unsecured creditors, we will be obliged to appoint a trustee if she does not face the reality of a depressed real estate market, coupled with a high interest rate which confronts any potential buyer. She remains adamant in her position, preferring to live in semi-splendor, without paying for it. Accordingly, we will appoint a trustee to properly manage the property and to sell it for what it is worth, rather than for what the debtor hopes it may bring.